UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 08-13-KSF

DANNY M. HOLBROOK                                                                                   PLAINTIFF

v.                                              **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                                DEFENDANT

\* \* \* \* \* \* \* \* \* \*

The claimant, Danny M. Holbrook, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for Supplemental Security Income ("SSI") based on disability. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.      OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

> (1)     If the claimant is currently engaged in substantial gainful activity, he is not disabled.

> (2)     If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

1

(3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.

(5) Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc), he is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F. 3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance;

2

it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II.   THE ADMINISTRATIVE DECISION

In this case, the ALJ conducted a hearing on June 28, 2007, and issued his opinion denying Holbrook's application for SSI benefits on July 30, 2007. [TR 21] At the time of the ALJ's decision, Holbrook was 40 years old. Holbrook claims disability due to back, knee and neck pain and a heart attack.

The ALJ began his analysis at step one by determining that Holbrook has not engaged in any substantial gainful activity since his alleged onset date of August 15, 2002. [TR 26] At step two, the ALJ found that Holbrook suffers from the following impairments determined to be severe as combined: coronary artery disease, degenerative join disease of the right knee and lumbar disc disease; however, the ALJ determined that these impairments or combination of impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [TR 26-27] The ALJ found that although Holbrook's medically determinable impairments could reasonably be expected to produce the alleged symptoms, Holbrook's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible based on the objective medical evidence and other evidence. The ALJ found that Holbrook maintained the

residual functional capacity ("RFC") to perform a range of sedentary work. [TR 27]  At step four, the ALJ determined that Holbrook is unable to perform any past relevant work as a computer distributor/rental service and railroad conductor. [TR 30] Proceeding to the fifth and final step, taking into consideration Holbrook's age, education, work experience and RFC and relying on the testimony of the Vocational Expert ("VE"), the ALJ determined that there are jobs that exist in significant numbers in the national economy that the claimant could perform. [TR 30] As a result, the ALJ determined that Holbrook is not disabled.

The ALJ's decision that Holbrook is not disabled became the final decision of the Commissioner when the Appeals Counsel subsequently denied his request for review on November 29, 2007. [TR 10]  This case is now ripe for review under 42 U.S.C. § 405(g), 1383(c)(3).

### III.   ANALYSIS

On appeal, Holbrook argues that the ALJ's determination was not based on substantial evidence.  Holbrook contends that the ALJ's finding that Holbrook's subjective complaints of pain are not entirely credible was not based on substantial evidence and do not follow controlling legal precedent.  When evaluating subjective allegations of pain, the Sixth Circuit has held that the claimant must show the following:

> evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

*Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 853 (6th Cir. 1986).  A claimant's subjective statements about symptoms alone will not establish disability.  *See* 20 C.F.R. § 416.929(a)(2007).  Rather, medical signs and laboratory findings must be present that show a

medical impairment(s) that could reasonably be expected to produce the symptoms alleged. The intensity, persistence and limiting effects of the symptoms will be evaluated based on all the evidence. 20 C.F.R. § 416.929(c)(2007). Although an ALJ may not ignore a claimant's subjective complaints, an ALJ's finding regarding credibility of a claimant's testimony is entitled to great deference. *Williamson v. Sec'y of H.H.S.*, 927 F. 2d 228, 230 (6th Cir. 1990). An ALJ must give reasons for rejecting a claimant's testimony regarding pain. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994).

The ALJ found that while Holbrook has "medically determinable impairments that could reasonably be expected to produce some symptoms," Holbrook's testimony about the intensity, persistence and limiting effect of these symptoms was not entirely credible. [TR 28] To support his finding, the ALJ referred to various statements by Holbrook at the hearing that contradicted statements made by Holbrook to his treating physicians. Holbrook challenges the ALJ's rationale for finding his statements not entirely credible. He argues that it is logical that there are differences between his statements to his doctors in the past and those made at the hearing because he has had intervening medical issues since the statements were made and these differences do not relate to the credibility of his complaints. The ALJ, however, asked Holbrook if he had been able to do various things (such as whether he had a regular exercise program) since the alleged onset date, a time period that would include the time period in which the prior statements were made. The ALJ noted that Holbrook's responses to his questions were more limited than Holbrook's responses to the treating physicians and on those grounds discounted the complaints. The ALJ also noted that Holbrook claims to have a hearing problem but had excellent discrimination and can hear conversational speech without difficult. The ALJ further noted that the medical evidence in the record supported

5

his finding. Specifically, he noted that no treating physician, medical examiner, etc. stated that Holbrook would be unable to perform a range of sedentary work as set forth by the ALJ to the VE. The state agency evaluators found that Holbrook is capable of performing sedentary work which is consistent with Holbrook's treating physician, Dr. Anthony Guanciale. The court finds that the ALJ properly considered Holbrook's subjective complaints and provided an adequate explanation for rejecting same and the ALJ's determination is supported by substantial evidence.

## IV.   CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby ORDERS that the decision of the Commissioner is AFFIRMED as it was supported by substantial evidence.

This July 24, 2008.



Signed By:
*Karl S. Forester*   KSF
United States Senior Judge